UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALLSTATE NORTHBROOK INDEMNITY COMPANY,

Plaintiff,

v.

BERTRAND MORGAN,

Defendant.

Case No. 1:26-cv-05802-KES-CDB

ORDER DENYING PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO SERVE DEFENDANT BERTRAND MORGAN BY PUBLICATION WITHOUT PREJUDICE

(Doc. 2)

ORDER VACATING OCTOBER 26, 2026, SCHEDULING CONFERENCE

(Docs. 2, 6)

ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION TO EXTEND TIME FOR SERVICE OF PROCESS

(Doc. 4)

**December 28, 2026, Deadline**

Plaintiff Allstate Northbrook Indemnity Company ("Plaintiff") initiated this action by filing a complaint against Defendant Bertrand Morgan ("Defendant") on July 24, 2026, seeking declaratory relief regarding insurance coverage rights and/or obligations arising from an automobile accident involving Plaintiff's insured, Defendant. (Doc. 1). A scheduling conference is set for October 26, 2026. (Doc. 2). The Clerk of the Court issued a summons on July 27, 2026. (Doc. 3).

Pending before the Court is Plaintiff's ex parte motion for leave to serve Defendant by publication under Federal Rule of Civil Procedure 4(e)(1) and California Code of Civil Procedure

section 415.50, to extend time to complete service under Rule 4(m) by 60 days from October 28, 2026, to December 28, 2026, and to continue the scheduling conference. (Docs. 4, 6). Plaintiff represents that despite diligent efforts to locate and personally serve Defendant, it has been unable to effectuate service, and Plaintiff therefore requests leave to serve Defendant by publication in a newspaper of general circulation in the area of his last known residence. (Doc. 4 at 1-2). Plaintiff asserts that Defendant's current residence and whereabouts remain unknown and service cannot be accomplished through any means other than publication. *Id.* at 3. Counsel for Plaintiff declares that his office was able to obtain only two addresses associated with Defendant – 20624 Georgetown Street, California City, CA 93505 and 37642 29th Street E., Palmdale, CA 93550 – and that Plaintiff's process server unsuccessfully attempted service at these addresses multiple times. *Id.* at 8. Plaintiff requests the Court issue an order authorizing service of the summons and complaint upon Defendant by publication once a week for four consecutive weeks in a newspaper of general circulation serving the area of Defendant's last known residence, such as the Bakersfield Californian or the Mojave Desert News. *Id.* at 7.

**Governing Authority**

"A federal court does not have jurisdiction over a defendant unless the defendant has been properly served." *See* Fed. R. Civ. P. 4; *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Id.* (quoting *UFCW, Locals 197 & 373 v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)). However, "without substantial compliance with Rule 4, 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Id.* (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)).

Under the Federal Rules of Civil Procedure, an individual can be served by any of the following: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Rule 4 also provides that proper service can be made by "following state law for serving a summons in action brought in courts of general

jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

California law permits service by publication "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either: (1) a cause of action exists against the party upon whom service is to be made; or (2) he or she is a necessary or proper party to the action. Cal. Civ. Proc. Code § 415.50(a)(1). Service by publication is carried out by publishing the summons in a newspaper:

> The court shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served. … The order shall direct that a copy of the summons, the complaint, and the order for publication be forthwith mailed to the party if his or her address is ascertained before expiration of the time prescribed for publication of the summons. Except as otherwise provided by statute, the publication shall be made as provided by Section 6064 of the Government Code unless the court, in its discretion, orders publication for a longer period.

Cal. Civ. Proc. Code § 415.50(b). Further, California Government Code Section 6064 provides:

> Publication of notice pursuant to this section shall be once a week for four successive weeks. Four publications in a newspaper regularly published once a week or oftener, with at least five days intervening between the respective publication dates not counting such publication dates, are sufficient. The period of notice commences with the first day of publication and terminates at the end of the twenty-eighth day, including therein the first day.

Cal. Gov. Code § 6064. "Under California law, '[c]onsistent with the notions of fair play and due process, substituted service by publication is a last resort when reasonable diligence to locate a person in order to give him notice before resorting to the fictional notice afforded by publication has been exercised.'" *Indian Hills Holdings, LLC v. Frye*, 337 F.R.D. 293, 299 (S.D. Cal. 2020) (citing *Calvert v. Al Binali*, 29 Cal. App. 5th 954, 963 (2018)). "'Personal service remains the method of choice under the statutes and the constitution,' and '[w]hen substituted or constructive service is attempted, strict compliance with the letter and spirit of the statutes is required.'" *Id.*

**<u>Discussion</u>**

Plaintiff contends that it has made diligent efforts to effectuate service on Defendant Morgan but has been unsuccessful. Plaintiff now seeks authorization to serve Defendant Morgan by publication.

### A. Plaintiff Has Not Shown a Cause of Action Exists Against Defendant Morgan

The Court first considers whether a "cause of action exists against" the unserved defendant. *See* Cal. Civ. Proc. Code § 415.50(a)(1). Under California law, "[f]or the purpose of service by publication, the existence of a cause of action is a jurisdictional fact." *Harris v. Cavasso*, 68 Cal. App. 3d 723, 726 (1977). The requesting party must submit an affidavit containing a statement of some fact that would be legal evidence that the cause of action exists for the court to have jurisdiction to order service by publication. *Id.* "When jurisdiction is sought to be established by constructive service, the statutory conditions for such service must be strictly complied with or the judgment is subject to collateral attack." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 334 (1978).

"The affidavit filed in support of the motion for substitute service must contain independent evidentiary support in the form of a sworn statement of facts to support a cause of action against the defendant, and if it does not, the Court does not have jurisdiction to order service by publication." *Colonize Media, Inc. v. Palmer*, Case No. 1:20-cv-01053-DAD-SAB, 2021 WL 1839697, at *3 (E.D. Cal. May 7, 2021) (citing *Harris*, 68 Cal. App. 3d at 726-27). "California courts have held that a declaration by counsel, and even a verified complaint, are insufficient to meet the jurisdictional requirement." *Id.* (citing *Indian Hills Holdings, LLC v. Frye*, 337 F.R.D. 293, 302 (S.D. Cal. 2020)).

Here, Plaintiff has not provided any evidentiary support that a cause of action exists against Defendant. Plaintiff's motion refers only generally to the complaint without any citation thereto. (Doc. 4 at 5). Under the authorities cited above, counsel's affidavit is insufficient. Thus, Plaintiff has not demonstrated the existence of a cause of action against Defendant Morgan by affidavit and has not established that he is a necessary and/or proper party for this action. Cognizant that the statutory requirements to permit service by publication must be strictly construed, the Court will deny Plaintiff's ex parte motion for service by publication without prejudice to Plaintiff's filing a renewed application supported by an affidavit sufficient to establish the existence of a cause of action against Defendant Morgan. *See, e.g.*, *Am. General Life Ins. Co. v. Bushman*, No. 1:22-cv-01167-ADA-SAB, 2023 WL 178564, at *2-3 (E.D. Cal. Jan. 20, 2023) (ordering plaintiff to submit a supplemental affidavit to support request for service by publication where declaration of counsel for plaintiff "simply refer[s] to the existence of the complaint"); *Wheelmaxx Inc. v. Mahal*, Case No. 1:22-cv-01506-ADA-SKO, 2023 WL

3224161, at *5 (E.D. Cal. May 3, 2023) (same). Accord, *THC-Orange Cty. Inc. v. Valdez*, 2017 WL 2171185, at *3 (N.D. Cal. May 17, 2017) (deeming a declaration that incorporated the factual allegations in the complaint by reference insufficient because the allegations must be in the affidavit itself)

**B. Plaintiff Has Demonstrated Reasonable Diligence**

Next, the Court considers whether Plaintiff has been reasonably diligent in attempted to serve Defendant Morgan by other means. In determining whether a plaintiff has exercised "reasonable diligence," a court examines the affidavit required by the statute to determine whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc.*, 87 Cal. App. at 333. The "reasonable diligence" requirement "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Kott v. Super. Ct.*, 45 Cal. App. 4th 1126, 1137 (1996). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n. 5 (1995) (citations omitted).

That a plaintiff has taken one or a few reasonable steps does not necessarily mean that all "myriad … avenues" have been properly exhausted to warrant service by publication. *THIC-Orange Cty., Inc. v. Valdez*, No. 17-cv-01911-LB, 2017 WL 2171185, at *2 (N.D. Cal. May 17, 2017 (quoting *Donel, Inc.*, 87 Cal. App. 3d at 333). But generally, a plaintiff may satisfy its burden through "[a] number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location." *Kott*, 45 Cal. App. 4th at 1137. "These are likely sources of information, and consequently must be searched before resorting to service by publication." *Id*. The reasonable diligence inquiry is fact and case-specific. *Id*. at 1137-38 ("[T]he showing of diligence in a given case must rest on its facts and no single formula nor mode of search can be said to constitute due diligence in every case.").

Here, Plaintiff's counsel attests that his office was able to obtain only two addresses associated with Defendant Morgan, and that the process server attempted to serve these addresses "multiple

times … without success." (Doc. 4 at 8). Counsel thereafter directed First Legal Investigations to run a skip trace and database search independently to determine Defendant's whereabouts. *Id.* These efforts were unsuccessful. Counsel's office used publicly available records through Westlaw's People Search function to attempt to discern additional addresses of Defendant. *Id.* On August 19, 2026, counsel's office attempted to locate Defendant through social media and Google searches, including but not limited to Facebook and Instagram searches, but was unable to locate any alternate addresses belonging to Defendant. *Id.* In the supporting affidavit of Summer Dos Santos, an employee of First Legal Investigations, Plaintiff corroborates that service attempts were made at the two addresses identified by counsel for Plaintiff prior to running a skip trace on Defendant. *Id.* Ms. Dos Santos further declares that using Plaintiff's identifying information, she initiated a search of various public record indexes to develop a paper/address trail on Defendant but was unable to locate any additional addresses associated with Defendant within the previous two years. *Id.* at 11-12. U.S. Postal Service forwarding index/box holder inquiries were submitted to develop forwarding information from the two identified addresses; however, Ms. Dos Santos has not received a response to-date regarding these inquiries. *Id.* at 12. As of the date of her declaration, Ms. Dos Santos has been unable to locate Defendant despite reasonable efforts and diligence, and to the best of her knowledge, no person, firm, or entity knows or is likely to know the current residential or business whereabouts of Defendant. *Id.*

The Court finds that Plaintiff has submitted evidence sufficient to demonstrate it has been diligently attempting to serve Defendant Morgan with the summons and complaint. Accordingly, the Court finds that Plaintiff has sufficiently shown exhaustive efforts and reasonable diligence to support Plaintiff's request to serve by publication. *See* Cal. Civ. Proc. Code § 415.50(a)(1); *Watts*, 10 Cal.4th at 749 n.5; *THC-Orange Cty., Inc.*, 2017 WL 2171185, at *2.

**C. The Court Finds Good Cause to Extend Time to Complete Service**

Where a plaintiff fails to serve a defendant within 90 days after the complaint is filed, Federal Rule of Civil Procedure 4(m) requires the Court to dismiss the action or order that service be made within a specified time upon a showing by the plaintiff of "good cause" for the delay. *See In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).

Notwithstanding Plaintiff's failure presently to comply with the service-by-publication statutory scheme's affidavit requirement (*supra*), because Plaintiff has demonstrated reasonable diligence in attempting to locate and serve Defendant Morgan, the Court finds good cause to extend the time to complete service under Rule 4(m) by a period of 60 days from October 28, 2026, to December 28, 2026. *See* Fed. R. Civ. P. 4(m) ("[I]f the plaintiff good cause for the failure, the court must extend the time for service for an appropriate period.").

Accordingly, the Court will extend the deadline by which Plaintiff must serve Defendant and vacate the scheduling conference set for October 26, 2026, to be reset as necessary following service of Defendant Morgan.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's ex parte motion for service by publication (Doc. 4) is DENIED without prejudice;
2. Plaintiff's ex parte application to continue the scheduling conference (Doc. 6) is GRANTED IN PART;
3. The scheduling conference set for October 26, 2026 (Doc. 2) is VACATED, to be reset as necessary following service of Defendant Morgan; and
4. Pursuant to Fed. R. Civ. P. 4(m), no later than **December 28, 2026**, Plaintiff SHALL FILE summons returned executed as to Defendant Bertrand Morgan or, in the alternative, a timely and adequately supported request for leave to serve Defendant Bertrand Morgan via an alternative service method.

IT IS SO ORDERED.

Dated: **September 30, 2026**

UNITED STATES MAGISTRATE JUDGE